**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **HANNAH FELIX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-0007** |
| | ) | |
| **VIRGIN ISLANDS DEPARTMENT OF HUMAN SERVICES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

**BEFORE THE COURT** is the Report and Recommendation (R&R) of the Magistrate Judge (Dkt. No. 31), entered July 8, 2026. In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's "Amended" Complaints (Dkt. Nos. 13 and 22) and allow Plaintiff to file a second amended complaint to cure the deficiencies identified within the R&R. R&R at 15. Plaintiff filed a Response to Report & Recommendation (Dkt. No. 35) on July 14, 2026. For the reasons discussed below, the Court will adopt the Report and Recommendation.

Plaintiff commenced the above-captioned matter by filing a Complaint (Dkt. No. 1) and Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) on March 12, 2026. Plaintiff then filed successive complaints on April 8, 2026, *see* Dkt. No. 13, and April 25, 2026. *See* Dkt. No. 22. As noted in the R&R, when a plaintiff proceeds *in forma pauperis*, the Court is required to conduct an initial screening of the *pro se* complaint to determine whether any of the claims are "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." R&R at 5 (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)). The results of this initial screening are contained in the R&R.

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the Third Circuit has determined that, as a matter of good practice, district courts should "afford some level of review to

dispositive legal issues" raised in an R&R under a plain error standard. *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), as amended (June 12, 2007) ("[P]lain error review is appropriate where a party fails to timely object to a magistrate judge's R&R."); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."). A plain error review involves a determination as to whether the R&R contains any "clear" or "obvious" error affecting the plaintiff's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that to meet the definition of a "plain error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

Plaintiff's response does not state direct objections to the R&R; rather, Plaintiff threatens to "appeal this case the Third Circuit U.S. Court of Appeals if this case is not given due process." Response at 1. Despite the absence of specific objections, the Court has conducted a *de novo* review of the entire report and recommendation and agrees with the findings of the Magistrate Judge. Also having reviewed the report and recommendation for clear error, the Court finds none. Therefore, the Court will adopt the July 8, 2026 Report and Recommendation and will dismiss the complaints, as docketed, but will grant leave to amend.

Accordingly, it is hereby

**ORDERED** that the July 8, 2026 Report and Recommendation, Dkt. No. 31, is **APPROVED and ADOPTED** as an Order of the Court as if fully set forth herein; it is further

**ORDERED** that Plaintiff's Complaints, Dkt. Nos. 1, 13, and 22, are **DISMISSED WITHOUT PREJUDICE;** it is further

**ORDERED** that the pending motions at Dkt. Nos. 38 and 29 are **MOOT**; it is further

**ORDERED** that Plaintiff shall have up to and including **September 23, 2026**, within which to file an amended complaint; it is further

**ORDERED** that, in the event Plaintiff fails to file an amended complaint as directed, the Court **SHALL** dismiss the above-captioned matter without further notice to Plaintiff.

**Dated:** September 2, 2026

*/s/ Robert A. Molloy*
R**OBERT A. MOLLOY**
**Chief Judge**